Upon the subject of subsequent notoriety, he added. The whole object of either description or notoriety, is to enable a subsequent locator, who uses reasonable industry, to find *Page 141 
the land first located, and thereby prevent an interference. My opinion, decidedly, is that if the objects called for are notorious at the time the entry is made, or become so before any person else makes an entry, the object of the law is complied with. It is refining too much to say that the entry shall be void, although it acquires the qualities of a good entry before the creation of other rights. What right has the second enterer to complain? He can not say that he has been deceived; he can not say to the first locator, "Your entry is void, because the objects called for in it were not notorious; by which means I was deceived, and induced to make an entry which interfer with your claim." He cam not say this, if the objects were notorious before he made his entry; because, in that case, he could not be deceived or misled. Suppose an entry to have been made a great many years ago, calling for the French Lick, but before it was known to a sufficient number of people to give it notoriety? It is known that at this day, no place in West Tennessee is more notorious. If an entry were now to be made so as to interfere with the first entry, will any person pretend to say that it would hold the land? The object of notoriety is to give notice; and if this notoriety is acquired before the making of the second or subsequent entry, every purpose for which notoriety has been deemed necessary, is answered.
In short, I am clearly of opinion that if an entry possesses the quality of a good entry before the creation of other rights, it is valid, although the objects called for were not notorious at the time the entry was made.